## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

VERHONDA K. WILLIAMS,

    Debtor.

Case No: 15-22082-EPK

Chapter 7

_____/

VERHONDA K. WILLIAMS,

      Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

      Defendant.

Adv. Pro. No.:

_____/

### COMPLAINT FOR DAMAGES

Plaintiff Verhonda K. Williams, by and through undersigned counsel, files Plaintiff's Complaint for Damages against Navient Solutions, Inc., on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

Not all loans made to students, or graduates as in this case, are student loans that are protected from discharge.  Sallie Mae originated a consumer loan to Plaintiff, who was a law school graduate at the time, while representing and classifying the debt as a "Bar Study loan." Plaintiff borrowed this money from Sallie Mae in order to pay for a bar review study course, which by a layman's definition could be considered a "student loan."  However, a debt incurred to pay for a bar review study course and living expenses is not a student loan or a qualified education loan as defined in the Higher Education Act, the Internal Revenue Code, or the

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

Bankruptcy Code. In 2014, Navient assumed all the responsibilities previously performed by Sallie Mae and was transferred Plaintiff's loan.

On July 2, 2015, Plaintiff sought relief under chapter 7 of the Bankruptcy Code to receive a discharge of this "student loan" liability. She subsequently received a general discharge on October 13, 2015 and Defendant, Navient, promptly resumed collection efforts stating these loans were not discharged. A company with Navient's expertise, that specifically deals with student loan issues, had to know, or should have known, that a bar loan is not exempt from discharge in a bankruptcy proceeding. Plaintiff brings this action to enforce her rights under Federal and State law as well as this Court's Order of Discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1334. Venue in this District is proper pursuant to 28 U.S.C. §1409.

2.      This adversary matter is a core proceeding pursuant to 28 U.S.C. § 157.

## PARTIES

3.      Plaintiff, Verhonda K. Williams, is a natural person, and citizen of the State of Florida, residing in Boca Raton, Florida. Ms. Williams is a consumer as defined by the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA"). *See* Fla. Stat. § 559.55(8); see also 15 U.S.C. § 1692a(3).

4.      Defendant, Navient Solutions, Inc. (hereinafter referred to as "NAVIENT"), is a Delaware corporation that specializes in loan management, servicing and asset recovery with its principal address in Reston, Virgina.

5.      NAVIENT is considered a debt collector as defined by the FCCPA. *See* Fla. Stat. § 559.55(7); *see also Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976)

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

(holding that unlike the FDCPA, the FCCPA is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims.).

**LEGAL STANDARD**

6.      Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code.  Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses."  "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution.

7.      A title IV eligible institution is one recognized by the Department of Education under title IV of the Higher Education Act.  "Cost of attendance" is a term of art found in section 472 of the Higher Education Act at 20 U.S.C. § 1087ll that includes tuition, fees, room, board, books, and living expenses.

8.      Personal loans made to students to cover expenses at non-eligible institutions or to cover expenses beyond the "cost of attendance" are not "qualified education loans."  Such debts are merely consumer loans made to students and remain dischargeable under the Bankruptcy Code.  Such expenses include: (i) living expenses in excess of the amount determined necessary by the accredited college or university; (ii) money to pay for bar review classes for recent law school graduates; (iii) money to pay for expenses related to residency for recent medical school graduates; (iv) money to pay for a child's K-12 education; and (v) money to pay for unaccredited for-profit schools.  Loans made to pay these types of expenses are neither qualified education

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

loans nor private education loans as those terms are defined by federal law. The interest on these loans is not tax deductible, and they are dischargeable in bankruptcy cases.

9.     Outside a bankruptcy case, the term "student loan" is often used to refer to a debt incurred by a student.  In a bankruptcy case, however, the term has independent legal significance.  In fact, the Supreme Court has held that Section 523(a)(8) of the Bankruptcy Code is "self-executing" such that a student loan is presumptively non-dischargeable in bankruptcy cases.  In order to contest the dischargeability of a student loan, a debtor must file a separate adversary proceeding.

10.    Furthermore, according to the Court in *Campbell v. Citibank, N.A.* (*In re Campbell*), Nos. 14-45990-CEC, 15-01038-CEC, 2016 Bankr. LEXIS 928 (U.S. Bankr. E.D.N.Y. Mar. 24, 2016), "[b]ecause the Bar Loan is not an 'educational benefit' within the meaning of § 523(a)(8)(A)(ii), and is not encompassed in any other exception to discharge set forth in § 523(a)(8), the Bar Loan is dischargeable."

11.    Moreover, "exceptions to discharge 'should be confined to those plainly expressed,' and construed narrowly against the creditor." *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) (quoting *Gleason v. Thaw*, 236 U.S. 558, 562 (1915)).

## SUMMARY OF FACTS

12.    In 2008, Plaintiff entered Florida A&M University, College of Law and paid for her law school education using qualified federal student loans.

13.    In April of 2011, Plaintiff graduated from Florida A&M University, College of Law.

-4-

14.     Just after graduation in April 2011, Plaintiff received a Bar Study loan in the amount of $8,000.00 (the "Loan") in order to prepare for the Florida State Bar Examination in July of 2011.

15.     From the loan Plaintiff paid for a full Barbri preparation course and a partial Kaplan PMBR course.

16.     Barbri and Kaplan are both commercial Bar preparation courses, which run for approximately eight weeks prior to the Bar Exam, and allow the test taker to review what she has already learned in law school and to learn Bar Exam-tested subjects that she has not yet studied. Both Barbri and Kaplan courses provide test takers with materials and a study plan to help prepare for the Bar exam.

17.     Plaintiff used the remaining proceeds from the loan to pay for the living expenses of herself and her children while she studied for the Florida State Bar Examination and to cover the accommodations needed to sit for the Florida State Bar Examination.

18.     In September of 2011, Plaintiff received an additional Bar Study loan in the amount of $7,000.00 (the "Loan") in order to cover additional living expenses that the Plaintiff was unable to cover due to lack of employment.

19.     Barbri and Kaplan, however, are not title IV eligible institution as that term is defined in 26 U.S.C. § 25A(f)(2) or Section 481 of the Higher Education Act. Thus, no money lent to Plaintiff could have been originated, characterized, or classified as a qualified education loan.

20.     In categorizing the unsecured consumer debt as a student loan, Navient intended to invest the instrument with all the legal protections of a qualified education loan, including the presumption of non-dischargeability in bankruptcy.

-5-

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

21.     Plaintiff diligently and promptly made payments on the Loans from September of 2011 until June of 2015 when Plaintiff was unable to continue to make payments due to a job loss.

22.     On or about July 2, 2015, Plaintiff filed for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case").

23.     Plaintiff listed that she was indebted to "Navient Solutions" in the amounts of $7,606.00 and $9,418.00 on Schedule F of her petition.

24.     Plaintiff received a general discharge on October 13, 2015 ("Discharge Order"). The text of the Discharge Order stated some debts were not discharged including "debts for most student loans."

25.     At no time before, during, or after the Bankruptcy Case had the Plaintiff classified the debt as a qualified education loan that would be exempt from discharge.

26.     Moreover, Plaintiff has made no payments on the debt since filing for relief under chapter 7 of the Bankruptcy Code, and without the benefit of this loan being discharged Plaintiff would not have filed bankruptcy.

27.     Defendant has received numerous phone calls from the phone numbers (512) 354-2001 and (302) 261-5793 in an attempt to collect on this discharged debt.

28.     Also, NAVIENT is still reporting negatively on Plaintiff's credit report, not allowing the Debtor to receive the "fresh start" that is provided by the bankruptcy code.

29.     Finally, Plaintiff received two (2) letters from NAVIENT stating that "We've recently been notified that your bankruptcy case has concluded.  Bankruptcy doesn't always

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

discharge student loans, and because ***your loan shown above wasn't discharged***, you remain responsible for repaying the entire remaining balance." (See Exhibit "A," emphasis added).

30.     With all hope of amicably working this out gone, Plaintiff was forced to commence this adversary proceeding to protect her rights under the law.

### CLAIMS FOR RELIEF

### COUNT I: DETERMINATION OF DISCHARGEABILITY

31.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32.     The Loan is not a "qualified education loan" as such phrase is defined by section 523(a)(8) of the Bankruptcy Code.

33.     The Loan was not made under a government or nonprofit loan program pursuant to 523(a)(8)(A)(i).

34.     The Loan is not an obligation to repay funds received as an educational benefit, scholarship, or stipend pursuant to section 523(a)(8)(A)(ii).

35.     The Loan is not a qualified educational loan as such phrase is defined in section 523(a)(8)(B) because:

  a.   The Loan was not incurred to pay for qualified higher education expenses pursuant to 26 U.S.C. § 221(d) or for the cost of attendance under 20 U.S.C. § 1087l;

  b.   The Plaintiff was not an eligible student pursuant to 20 U.S.C § 1091(a)(1) or section 484(a)(1) of the Higher Education Act;

  c.   Barbri is not an eligible educational institution under 26 U.S.C. § 25A(f)(2) or section 481 of the Higher Education Act; and

-7-

    d.  Kaplan is not an eligible educational institution under 26 U.S.C. § 25A(f)(2) or section 481 of the Higher Education Act.

36.    The Loan is therefore not excepted from discharge under section 523(a)(8) and was discharged pursuant to the Discharge Order in Plaintiff's Bankruptcy Case.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against NAVIENT for:

    a.  Actual and statutory damages;

    b.  Attorneys' fees, litigation expenses and costs of suit;

    c.  Injunctive relief; and

    d.  Such other or further relief this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

37.    Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38.    Defendants have represented the Loan as a non-dischargeable student loan and/or a qualified education loan.

39.    Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that the Loan is not a non-dischargeable student loan or qualified education loan but is instead a dischargeable consumer loan.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against NAVIENT for:

    a.  Actual and statutory damages;

    b.  Attorneys' fees, litigation expenses and costs of suit;

    c.  Injunctive relief; and

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

d.   Such other or further relief this Court deems just and proper.

## COUNT III: VIOLATION OF THE DISCHARGE ORDER

40.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41.     The Loan was discharged pursuant to the Discharge Order because it was an unsecured consumer loan and not a non-dischargeable student loan or a qualified education loan.

42.     Defendant NAVIENT was notified of the Discharge Order on March 13, 2015.

43.     Defendants were aware that the Loan was not a qualified education loan under section 523(a)(8)(B).

44.     Defendant NAVIENT nonetheless attempted to collect on the Loan on July 21, 2015.

45.     Pursuant to 11 U.S.C. § 524, Defendant NAVIENT has violated the Discharge Order.

46.     Plaintiff requests that NAVIENT be cited for civil contempt and ordered to pay damages in an amount to be determined at trial for the willful violation of the discharge injunction and also request an award of attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against NAVIENT for:

a.   Actual and statutory damages;

b.   Attorneys' fees, litigation expenses and costs of suit;

c.   Injunctive relief;

d.   Plaintiff specifically reserves the right to amend her claim to add a claim for punitive damages subsequent to discovery and leave of court to do so; and

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

   e. Such other or further relief this Court deems just and proper.

## COUNT IV: VIOLATION OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

  47. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

  48. NAVIENT expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that NAVIENT knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. *See* Fla. Stat. § 559.72(9) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

  49. NAVIENT had or should have had actual knowledge that the legal right asserted against Plaintiff was nonexistent, inaccurate or invalid, and that it had no legal right to enforce their claim.

  50. NAVIENT had or should have had actual knowledge that its alleged debt with Plaintiff was discharged, yet NAVIENT still attempted to collect this debt.

  51. As a result of the above violations of the FCCPA, NAVIENT is liable to the Plaintiff for actual damages as well as statutory damages of $1,000.00 per named Defendant found liable, together with attorneys' fees and all costs of Plaintiff's representation.

  WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against NAVIENT for:

   a. Actual and statutory damages;

   b. Attorney's fees, litigation expenses and costs of suit;

   c. Injunctive relief;

     d.  Plaintiff specifically reserves the right to amend her claim to add a claim for punitive damages subsequent to discovery and leave of court to do so; and

     e.  Such other or further relief this Court deems just and proper.

## COUNT V: VIOLATION OF THE TRUTH IN LENDING ACT

52.    Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53.    NAVIENT misrepresented that the Loan was a student loan and therefore not dischargeable absent a showing of undue hardship.

54.    The Truth in Lending Act, 12 C.F.R. 226.17(c) and 12 C.F.R. 226.46(e)(1), requires that, in originating a consumer loan, the lender truthfully represent the legal obligations between the parties.

55.    In characterizing the unsecured consumer debt as a student loan, NAVIENT has misrepresented the legal obligations between the parties.

56.    Plaintiff is entitled to statutory damages in an amount to be determined at trial and also requests an award of attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against NAVIENT for:

     a.  Actual and statutory damages;

     b.  Attorney's fees, litigation expenses and costs of suit;

     c.  Injunctive relief;

     d.  Plaintiff specifically reserves the right to amend her claim to add a claim for punitive damages subsequent to discovery and leave of court to do so; and

     e.  Such other or further relief this Court deems just and proper.

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

## COUNT VI: NEGLIGENT MISREPRESENTATION

57.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

58.     NAVIENT made representations concerning the legal status of the Loan.

59.     In particular, NAVIENT has classified and represented the Loan as a non-dischargeable student loan.

60.     These representations were false at the time they were made because the Loan never was a non-dischargeable student loan, but was in fact a dischargeable consumer loan.

61.     Defendant either knew these representations were false at the time they were made, or should have known the representations were false and acted recklessly without knowledge of this truth.

62.     Defendant intended that the Plaintiff would rely on these representations.

63.     Plaintiff did in fact rely on these representations.

64.     Plaintiff has been injured in an amount to be determined at trial, and also requests exemplary damages, and an award of attorneys' fees and costs.

## JURY DEMAND

65.     Pursuant to her rights under Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

66.     In light of the foregoing, Plaintiff requests that Defendant be ordered to appear and judgment be entered against Defendant for:

        a)     declaratory relief that the Loan is not a qualified education loan and/or non-dischargeable student loan, but is instead a dischargeable consumer loan;

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301

b)  actual, statutory, and punitive damages;

c)  attorneys' fees and costs to the fullest extent permitted under the law;

d)  prepetition and post-judgment interest; and

e)  other such relief as the Court deems just and proper.


DATED:  June 1, 2016                          Respectfully submitted,

                                              **Van Horn Law Group, P.A.**
                                              330 N. Andrews Ave., Suite 450
                                              Fort Lauderdale, Florida 33301
                                              (954) 765-3166
                                              (954) 756-7103 (facsimile)

                                              By:  _/s/ Chad T. Van Horn_
                                              **Chad T. Van Horn, Esq.**
                                              Florida Bar No. 64500
                                              Email: Chad@cvhlawgroup.com

                                              **Allison Cucinotta, Esq.**
                                              Florida Bar No. 118617
                                              Email: Allison@cvhlawgroup.com

Van Horn Law Group P.A.
330 N. Andrews Ave. Ste. 450 Fort Lauderdale, FL 33301